# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**HOWARD LEE JUSTICE, JR.,**

    **Plaintiff,**

v.                                                          Case No. 3:16-cv-01444

**WESTERN REGIONAL JAIL,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Application to Proceed Without Prepayment of Fees & Costs and a *pro se* complaint seeking money damages for injuries received by Plaintiff during an alleged assault that occurred while he was incarcerated at the Western Regional Jail in Barboursville, West Virginia. (ECF Nos. 1, 2). The undersigned notes that Plaintiff did not provide a completed application to proceed *in forma pauperis.* Therefore, Plaintiff is **ORDERED** to submit, within **thirty (30) days** of the date of this Order, an amended Application to Proceed Without Prepayment of Fees & Costs, which is properly completed and signed, and which reflects the current balance in his inmate account. In the alternative, he may pay the $400 filing fee. **Plaintiff is notified** that no action shall be taken on his complaint until the fee is paid or the amended application is filed, and a failure to pay the fee or submit the amended application shall result in a recommendation that the complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges the following:

1. That on November 18, 2015, Plaintiff was removed from suicide watch at the Western Regional Jail by a correctional officer who took it upon himself to place Plaintiff in the general population.

2. Plaintiff was physically assaulted while in the general population, suffering injuries to his eye.

Plaintiff seeks damages in the amount of $250,000.

The complaint, as currently written, fails to state a viable claim under 28 U.S.C. § 1983. Consequently, along with paying the filing fee or submitting an amended Application to Proceed Without Prepayment of Fees and Costs, Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** of the date of this Order and cure the various deficiencies in pleading as indicated below:

1. Plaintiff currently names only the Western Regional Jail as a defendant. In order

to state a cause of action under 42 U.S.C. § 1983, a plaintiff must present facts showing that: (1) a person (the defendant) deprived him of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of State law. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, * 4 (D.S.C. Sept. 8, 2010); *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). The Western Regional Jail is not a person under § 1983, and even if it were a person, the Western Regional Jail is likely entitled to sovereign immunity from this lawsuit under the Eleventh Amendment to the United States Constitution. *See* West Virginia Code § 30-20-1a, et seq*; Meadows v. Huttonsville Correctional Center,* 793 F.Supp. 684, 686 (N.D.W.Va. 1992); *see also Mora v. Westville Correctional Facility,* Case No. 3:07-cv-259, 2008 WL 2906761, at *2 (N.D. Ind. July 24, 2008).

Consequently, Plaintiff must name as a defendant or defendants the ***person*** or persons that allegedly deprived his of his federally protected right, privilege, or immunity. If Plaintiff does not know the name of the person or persons he believes should be properly included as defendant(s), he may add him/them as John Does or Jane Does, but must identify each individual in some way in the body of the complaint. For example, Plaintiff may describe the individual by physical characteristics, job position, date and time of shift worked, or in some other way that the individual can eventually be identified.

2. Plaintiff shall also identify the federal rights or privileges that he believes each defendant has violated. In addition, Plaintiff shall provide more detail on how each defendant allegedly violated his federal rights or privileges. For example, in the current complaint, Plaintiff alleges that a correctional officer, *on his own authority*, placed Plaintiff in the general population. Plaintiff must provide *facts* to support that conclusory

statement. If Plaintiff is claiming that the correctional officer knew that by putting Plaintiff in the general population, he was exposing Plaintiff to a serious risk of physical harm, and the correctional officer nonetheless put Plaintiff in the general population, deliberately exposing him to such risk of harm, then Plaintiff must state facts in the complaint supporting that claim.

If Plaintiff has decided that he does not wish to pursue this case and would like to dismiss it, he shall notify the Court by sending a motion for voluntary dismissal to the Clerk.

**Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim compensable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1**. Plaintiff is reminded of his obligation under the local rules of this Court to notify the Clerk of any change in address or contact information.**

The Clerk is instructed to provide a copy of this order to Plaintiff, along with an Application to Proceed Without Prepayment of Fees & Costs.

**ENTERED:** February 12, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge