IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**HOWARD LEE JUSTICE, JR.,**

    **Plaintiff,**

v.                                                                         Case No. 3:16-cv-1444

**WESTERN REGIONAL JAIL;**
**JOHN DOE, Correctional Officer at**
**WESTERN REGIONAL JAIL,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's *pro se* complaint and amended complaints filed pursuant to 42 U.S.C. § 1983. (ECF No. 2, 6, 7). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and that this action removed from the docket of the Court.

I.    **Relevant History**

On February 10, 2016, Plaintiff Howard Lee Justice, Jr., ("Plaintiff") filed a § 1983 complaint against the Western Regional Jail over a physical assault he allegedly received

while incarcerated at the facility. (ECF No. 2). Plaintiff asked for an award of money damages. Two days later, Plaintiff was ordered to amend his complaint to cure certain deficiencies and to either pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 4). At the same time, Plaintiff was reminded of his obligation to notify the Clerk of Court of any change in his address or contact information. (*Id.*).

On February 18, 2016, Plaintiff submitted an *in forma pauperis* application and an amended complaint. (ECF Nos. 5, 6). The following day, Plaintiff submitted a second application and second amended complaint. (ECF Nos. 7, 8). In the amended complaint, Plaintiff alleged that on November 19, 2015, a correctional officer at the Western Regional Jail, acting on his own authority, moved Plaintiff from suicide watch to the general population. (ECF No. 7 at 4-5). Plaintiff immediately protested the move, expressing concern that he would be harmed if placed in the general population. Despite Plaintiff's expressed fears, the correctional officer left Plaintiff in the general population anyway. Shortly after his transfer, Plaintiff was attacked by another inmate, receiving physical injuries including a black eye. (*Id.* at 5). Plaintiff alleged that the correctional officer was subsequently terminated from employment by the Jail because of his role in Plaintiff's attack. Plaintiff reiterated his demand for $250,000 in compensation.

On March 18, 2016, the undersigned granted Plaintiff's *in forma pauperis* application and ordered the Clerk of Court to issue a summons to the defendant. (ECF No. 13). In that same Order, Plaintiff was again advised of his obligation to promptly notify the Clerk of Court of any change in his contact information. (*Id.* at 2). The Clerk issued the summons, and the summons and complaint were served on the defendant by the United States Marshals Service. On April 15, 2016, the Western Regional Jail filed a

Motion to Dismiss the complaints. (ECF No. 18). According to the defendant, Plaintiff was served with the Motion by mail, and the document was not returned as undeliverable.

On April 20, 2016, Plaintiff advised the Clerk that he had been transferred to the South Central Regional Jail. (ECF No. 20). Less than a month later, on May 16, 2016, Plaintiff sent another letter to the Clerk, indicating that he had been returned to the Western Regional Jail. (ECF No. 21). On August 2, 2016, the undersigned entered an Order setting a status conference in this matter to take place on August 17, 2016. (ECF No. 23). A copy of the Order was mailed to Plaintiff at the Western Regional Jail, his last address on record. (*See* ECF No. 21). A few days prior to the hearing, the undersigned learned from the Western Regional Jail that Plaintiff had been released from custody on May 27, 2016. The Jail did not have a current address for Plaintiff, and Plaintiff had failed to notify the Clerk of his release and forwarding address. Nevertheless, after obtaining an address in St. Albans that the Clerk believed was an accurate residence address for Plaintiff, the Clerk sent another copy of the Order to Plaintiff's presumed residence.

The status conference was held as scheduled on August 17, 2016. Defendant Western Regional Jail appeared by counsel, Dwayne Cyrus and Caleb David. However, Plaintiff did not appear at the hearing, in person or by counsel, and made no contact with either the court or the Clerk's office to explain his absence. Subsequent searches for Plaintiff on the West Virginia Regional Jail and Correctional Facility Authority inmate locator, the West Virginia Division of Corrections inmate locator, and the Federal Bureau of Prisons inmate locator were fruitless. Consequently, no evidence was uncovered upon which to conclude that Plaintiff was incarcerated at the time of the conference and, thus, was unable to appear for court proceedings.

On August 18, 2016, the undersigned issued a show cause order, noting that Plaintiff had not been in contact with the court for three months or since his release from custody. (ECF No. 25). Moreover, Plaintiff had made no effort to contact the Clerk with a new address or inquire regarding the status of his case. Accordingly, Plaintiff was given thirty days to show cause why his pending civil action should be retained on the docket. (*Id.*). The show cause order was sent to Plaintiff at the Western Regional Jail and at his address in St. Albans; however, both copies of the order were returned as undeliverable with no forwarding address. (ECF Nos. 26, 27).

On September 23, 2016, the undersigned learned that Plaintiff was again incarcerated at the Western Regional Jail. Consequently, the undersigned entered an order instructing the Clerk to send Plaintiff a copy of the show cause order. (ECF No. 28). Plaintiff was given until October 14, 2016 to show cause for the retention of his civil action on the docket, and was advised that his failure to do so would result in a recommendation of dismissal. (*Id.*). For the third time, Plaintiff was reminded of his obligation to notify the Clerk of his contact information. According to the docket sheet, Plaintiff received both show cause orders; however, to date, he has failed to file a response or notify the Clerk of his current address. A recent review of the West Virginia Regional Jail and Correctional Facility Authority inmate locator, the West Virginia Division of Corrections inmate locator, and the Federal Bureau of Prisons inmate locator shed no light on Plaintiff's whereabouts. More than five months have now elapsed since Plaintiff's last contact with the court.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*,

4

370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:[1]

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

5

that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received the orders notifying him of his obligation to keep the Clerk advised of his current location; yet, he left the Western Regional Jail without providing the Clerk with a forwarding address. Plaintiff likewise has made no effort to check on the status of his case since his first release from custody in May 2016. The defendant has filed a motion to dismiss, which has been pending on the docket for six months without any response from Plaintiff. In addition, Plaintiff failed to appear for the scheduled status conference and has failed to submit any reply to the show cause orders. All of these failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for months without any action or contact by Plaintiff, despite the court's efforts to locate and notify him of the potential for dismissal of his lawsuit. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a general rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Undoubtedly, this is more likely so in the circumstance of a regional jail where the inmate witnesses are transient and often difficult to locate months and years later. The court currently has no knowledge of Plaintiff's whereabouts or his place of residence. Therefore, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96.

Despite Plaintiff's apparent lack of interest in pursuing his claim, the undersigned notes that the alleged misconduct of the correctional officer at the Western Regional Jail,

as described by Plaintiff in the complaint, occurred on November 19, 2015. Although Plaintiff's release from custody renders any request for equitable relief moot, his claim for money damages is not mooted by his release, and the applicable statute of limitations has not yet expired. Taking these factor into account, and bearing in mind the importance of resolving claims on their merits, the undersigned **FINDS** that while dismissal is appropriate, it is best entered without prejudice.

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, **without prejudice**, and this matter be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and provide a copy to counsel of record.

**DATED**: November 1, 2016

Cheryl A. Eifert
United States Magistrate Judge